**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Aurelio Salomon ALVAREZ, Defendant-Appellant.**

**No. 72-2706.**

United States Court of Appeals,
Ninth Circuit.

Jan. 10, 1973.

Rehearing Denied Feb. 20, 1973.

Charles M. Sevilla (argued), Federal Defenders, Inc., San Diego, Cal., for defendant-appellant.

James Meyers, Asst. U. S. Atty. (argued), Shelby R. Gott, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS and KILKENNY, Circuit Judges, and TAYLOR,* District Judge.

KILKENNY, Circuit Judge:

After waiver of a jury trial, appellant was convicted of illegal importation of heroin [21 U.S.C. §§ 952, 960 and 963] and of illegal possession of the same substance in violation of 21 U.S.C. § 841(a) (1).

## FACTS

No useful purpose would be served by reciting in detail the factual background. It is sufficient to say that appellant is a Mexican National, living and working in the United States. His testimony indicated that he went to Tijuana, Mexico, to see a friend who promised a loan. After parking his automobile, he says he walked several blocks to the restaurant of his friend, where, after a lengthy conversation, the loan was transacted. He then visited a girl friend and returned to his automobile. In the meantime, back at the border, the customs agents received a tip from a long time informant that a vehicle matching the description of appellant's would have heroin in it. When appellant crossed the border, the vehicle was stopped and searched. Four and one-half ounces of heroin were concealed in the right fore post of the automobile.

## ISSUES

(1) Did the trial court err in refusing to require the government to reveal the identity of the informant?

(2) Did the trial court err in rejecting the offer of polygraph evidence which favored the appellant?

(1) In the hearing on the motion to reveal the identity of the informant, the special agent of the Treasury Department testified, among other things: (1) that he received information that a vehicle matching appellant's would be proceeding into the United States with contraband; (2) that this information was received from a person with whom he had many prior dealings; (3) that the information was by telephone, but that he did not know whether the informant was on the American or Mexican side of the border; (4) that the *person was not* a salaried employee of the United States, but did receive rewards from time to time for the information furnished; (5) to his knowledge, the informant did not have prior convictions, either state or federal; (6) that two telephone calls were received, one describing a white Dodge or Plymouth bearing a specific California license occupied by a Mexican male about 40 years of age; (7) that the vehicle would have a quantity of heroin concealed in the interior of the right front portion of the vehicle; (8) that nothing was said on whether informant saw the heroin being placed in the vehicle; (9) that he was of the belief that the informant probably did see it; (10) the informant did not take part in phone calls to set up the narcotic deal, nor was he a participant in the transaction.

After an *in camera* hearing on the identity of the informant and his connection with the transaction, the trial judge in balancing the interests of the

---

* The Honorable Fred M. Taylor, Senior District Judge for the District of Idaho, sitting by designation.

government against those of the accused, denied the motion for disclosure.

■■ At the outset, we must recognize that no hard and fast rule can be patterned with reference to disclosure of the name of an informer. The trial judge must balance the public interest in protecting the flow of information against the individual's right to prepare his defense. The answer depends upon the particular facts in each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors. Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). In applying this rule to our facts, we emphasize that this circuit is firmly committed to the dogma that in balancing the interest of the government against that of the accused, the burden of proof is on the defendant to show need for the disclosure. United States v. Kelly, 449 F.2d 329, 330 (CA9 1972); United States v. Estrada, 441 F.2d 873, 879 (CA 9 1971); Gaylor v. United States, 426 F.2d 233, 234–235 (CA 9 1970). Indeed, a defendant who seeks the name of the informer on whom customs agents relied has the burden of showing that disclosure would serve a necessary or useful purpose and where defendant does not sustain this burden, there is no abuse of discretion in refusing to require disclosure. United States v. Pruitt, 464 F.2d 494 (CA 9 1972), cf. McCray v. Illinois, 386 U.S. 300, 311–313, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), pointing to certain dictum in Roviaro. A suspicion that an informer may be of some help is not sufficient to overcome the public interest in the latter's protection. United States v. Kelly, supra, 449 F.2d p. 330; United States v. Estrada, supra.

■■ We hold that the appellant has not met his burden. He suspects that the testimony of the informer might be helpful. Instead of being helpful to appellant, the evidence of the informer, as related by the agent in the hearing on the motion to disclose, would be advantageous to the government. There is no showing whatsoever that the informant was a participant in the crime. For that matter, the evidence at the hearing would indicate otherwise. This is a far cry from the record in Roviaro where the informant was named in the indictment as a participant in the crime and it was conceded that informant and the accused participated in the commission of the crime. That there was no indication that the informer could or would have furnished evidence exculpating the appellant is a factor to be considered. United States v. Ruiz-Juarez, 456 F.2d 1015, 1016 (CA 9 1972). Lopez-Hernandez v. United States, 394 F.2d 820 (CA 9 1968), upon which appellant relies, is clearly distinguishable. There, the informant was an active participant in the initial transaction for the purchase of the heroin. Other authorities cited by appellant are not in point. Although it would have been better practice for the trial judge to have made a record of the in camera proceedings, and then ordered that the record be sealed subject to the further order of the court,[1] the failure to make and seal such a record is not, per se, grounds for reversal. Cf. United States v. Jenkins, 442 F.2d 429, 438 (CA 5 1971).

■ (2) In line with our decision in United States v. De Betham, 470 F.2d 1367, we hold that the trial judge did not abuse his discretion in rejecting the offer of the polygraphic evidence.

---

1. Rule 510(c)(2) Proposed Federal Rules of Evidence.