**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ernest G. RAWLINSON, Defendant-
Appellant.**

**No. 73–1660.**

United States Court of Appeals,
Ninth Circuit.

Nov. 1, 1973.

Certiorari Denied March 18, 1974.
See 94 S.Ct. 1579.

Hastie, Circuit Judge, dissented and filed opinion.

Richard H. Chambers, Circuit Judge, concurred specially and filed opinion.

Charles M. Sevilla (argued), of Federal Defenders, Inc., San Diego, Cal., for defendant-appellant.

Douglas G. Hendricks, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Stephen G. Nelson, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS, HASTIE* and CHOY, Circuit Judges.

CHOY, Circuit Judge:

Ernest G. Rawlinson was convicted after a jury trial of one count of possession of heroin in violation of 21 U.S.C. § 841(a)(1) (1970). Prior to the trial, he filed a motion to reveal the identity of a confidential government informant. The motion was denied after the trial judge held an *in camera* interview with the informant from which he determined that the informant's testimony would not be helpful to the defense. Rawlinson was sentenced to three years imprisonment with three years special parole. We affirm.

There were substantial conflicts at trial between the testimony of Rawlinson and Officer Stephen Smith, an undercover agent assigned to the Federal Drug Abuse Law Enforcement Agency who was present on the day the alleged offense occurred. Rawlinson testified that the informant was persistent in his requests that Rawlinson obtain heroin for him. The appellant contends that it was only this persistence combined with what he testified was the informant's obvious addiction to drugs that overcame his reluctance to obtain the heroin. Smith, on the other hand, testified that the informant's conversations with appellant were brief, were not in any sense urgent pleas for heroin, and that the informant did not exhibit any signs of addiction on the day in question. Rawlinson argues that his version of the facts constitutes entrapment to which the informant's testimony, if favorable, would be highly relevant. Thus, he contends,

---

* The Honorable William H. Hastie, Senior United States Circuit Judge, Third Circuit, sitting by designation.

it was error not to reveal the identity of the informant, after which the defendant, and not the trial judge by use of an *in camera* hearing, could best determine the usefulness of the testimony.

In Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court held that an informant's identity must be revealed whenever it would be "relevant and helpful" to an accused's defense or "essential to a fair determination of a cause." 353 U.S. at 60–61, 77 S.Ct. at 628. However, the Court noted that protecting an informant's confidentiality serves important law enforcement objectives [1] and, therefore, determining whether to reveal an informant's identity requires balancing the needs of law enforcement against the individual's interest in having a fair trial.

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case. . . .

Roviaro v. United States, 353 U.S. at 62, 77 S.Ct. at 628; *see* United States v. Alvarez, 472 F.2d 111, 113 (9th Cir. 1973).

■ We believe that in most situations an *in camera* hearing provides a salutary means by which to satisfy the balancing of interests required by *Roviaro*. The interests of law enforcement are served by protecting the identity of the informant except where a need is demonstrated for disclosure by the informant's own testimony, and not by the speculative claims of the defendant.[2] A fair trial is promoted by requiring disclosure whenever the *in camera* hearing demonstrates that the informant's identity would be "relevant and helpful" to the defense.[3]

■ The appellant argues, on the basis of Alderman v. United Sates, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), and Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), that only the accused, because of his familiarity with the case, can make a determination as to the usefulness of the informant's testimony. In *Alderman* the Court held that the government must produce transcripts of evidence acquired by illegal wiretaps, while in *Dennis* the Court held that the government must reveal a witness's grand jury testimony where that witness testifies at trial. In both cases the Court found that an *in camera* hearing to edit out only that information, if any, which would be relevant to the defense would be inadequate.

However, both *Alderman* and *Dennis* deal with significantly different situations than the usual case involving an informant. In both cases the Court stressed the complexity of the task faced by a judge forced to review the ofttimes voluminous and complex records involved in such cases. Not only would this place a heavy burden on limited judicial time, the Court emphasized, but a judge might frequently fail to discover material which would be significant when viewed by the accused. *See* Alderman v. United States, 394 U.S. 165, 182–184, 89 S.Ct.

---

1. Indeed, long recognition of the privilege testifies to the importance of this interest. *See* 8 Wigmore, Evidence § 2374 (McNaughton ed. 1961). Informants are an integral part of law enforcement efforts to halt the flow of narcotics. Often, because illicit sales of narcotics are conducted in secrecy, it is the only method of apprehending street level dealers.

2. This procedure has been approved in a number of other circuits. *See* United States v. Hurse, 453 F.2d 128, 130–131 (8th Cir.

1971); United States v. Lloyd, 400 F.2d 414, 416 (6th Cir. 1968); United States v. Jackson, 384 F.2d 825 (3rd Cir. 1967), cert. denied 392 U.S. 932, 88 S.Ct. 2292, 20 L.Ed.2d 1390 (1968). *See also* Proposed Rules of Evidence for United States Courts and Magistrates, rule 510(c)(2). No circuit has disapproved of this procedure.

3. Of course, the government can still protect the informant's identity by dropping the charges against the defendant.

961, 22 L.Ed.2d 176; Dennis v. United States, 384 U.S. 855, 874–875, 86 S.Ct. 1840, 16 L.Ed.2d 973. In the usual informant case, the task will not be nearly so onerous. Rather the trial judge will simply, as here, have to determine if the informant's testimony supports one of two conflicting versions of the facts. Hence, because a judge's task will be neither burdensome nor complex, with the consequent probability that relevant testimony will not be overlooked, *Alderman* and *Dennis* do not preclude the use of an *in camera* procedure.[4]

In this case we have carefully examined the transcript of the *in camera* hearing conducted by the trial court. Although the hearing was not conducted as vigorously as it might have been, it demonstrates that the informant's testimony could not have aided the defendant's case.[5]

█ A police officer was also present during this hearing, a fact which the defendant also assigns as error. While we do not approve of such a practice, it is not reversible error. Even if the informant had testified in open court, he would have been conscious of the police reaction to his testimony and its effect upon the disposition of his own criminal case. No additional compulsion was added by the presence of the officer at the *in camera* hearing.

█ Finally, defendant argues it was error to admit a statement by Officer Smith that he "investigate[d] street level heroin and cocaine dealers." This statement was given in response to a routine question and is not, by any means, sufficiently prejudicial to overcome its relevance as evidence.

Affirmed.

4. The *Alderman* Court, in fact, indicated it might well be proper to conduct *in camera* interviews with informants. In a footnote the Court cited *Roviaro* as a situation where *in camera* proceedings "have been found acceptable to some extent." Alderman v. United States, 394 U.S. at 183 n. 14, 89 S. Ct. at 971 n. 14.

HASTIE, Circuit Judge (dissenting).

It is the rule of Roviaro v. United States, 1956, 353 U.S. 53, 61–62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 that "the identity of an informer who helped set up the commission of the crime and who was present at its occurrence . . . must be disclosed whenever the informer's testimony *may be* relevant and helpful to the accused's defense." [emphasis added]. There, as here, the informer was a party to a transaction in which the accused allegedly sold narcotics. There, as here, the participating informer's identity was sought in an effort to corroborate a defense of entrapment. In *Roviaro* the Supreme Court held that the identity of the informer must be disclosed. I am unable to agree with the majority that a difference betweeen this case and *Roviaro* is sufficient to warrant a different result.

The difference is that here the district court questioned the informer *in camera* and concluded that his testimony would not help the accused. The majority opinion recognizes that this questioning was conducted in the presence of a police officer, "was not conducted as vigorously as it might have been" and did not include questions timely filed by defense counsel for the judge's use. I cannot be confident that such questioning provided an adequate substitute for searching pre-trial examination of the informer by defense counsel, to be followed, if the defense so desired, by testimony of the informer as a witness at trial. Where the individual whose identity is sought was a participant in and an eyewitness to the alleged criminal transaction, I would permit the concealment of his identity from defense counsel only where it appears beyond reasonable doubt that his testimony would not

aid the defense. In my view, the *in camera* examination in this case did not satisfy that standard and thus did not justify a result different from that in *Roviaro's* case.

For these reasons I would set aside this conviction and remand the case for further proceedings consistent with this opinion.

CHAMBERS, Circuit Judge (concurring):

I concur because I believe the in camera interrogation was adequate to determine that the informant's presence would have been of no aid to defendant.