**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Carlos Dean HODGES, Defendant-
Appellant.**

**No. 73–3520.**

United States Court of Appeals,
Fifth Circuit.

April 26, 1974.

Rehearing Denied May 21, 1974.

Raymond W. Russell, Fort Lauderdale, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., Karen L. Atkinson, Atty., Crim. Div., Justice Dept., Mark S. Geraghty, Narcotic and Dangerous Drug Section, Washington, D. C., for plaintiff-appellee.

Before ALDRICH, Senior Circuit Judge,* and BELL and GEE, Circuit Judges.

ALDRICH, Senior Circuit Judge:

Defendant appeals from a conviction for violation of 21 U.S.C. § 846 (conspiracy) and § 841(a)(1) (possession with intent to distribute and the distribution of cocaine). The appeal presents only one matter of substance.[1] Defend-

---

* Hon. Bailey Aldrich, Senior Circuit Judge of the First Circuit, sitting by designation.

1. Defendant's objection based on a claim that some of his telephone conversations were

ant complains of the fact that the court refused to require disclosure of the identity of an informer, alleging that it failed to follow the delineations of Roviaro v. United States, 1957, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, as applied in Gilmore v. United States, 5 Cir., 1958, 256 F.2d 565. We find no error.

In *Roviaro* the Court recognized that a defendant might have a legitimate interest in the identity of an informer, but held that the government had an interest, quite apart from the case, in maintaining informer secrecy. It therefore held that the court should weigh the government interest in secrecy against the defendant's need for the information in light of the particular facts of each case. In *Gilmore* the informer, on the government's evidence, not only acted "in creating the atmosphere of confidence beforehand," but "in continuing it by his close presence during the moments of [a] . . . conversation of critical importance. If what Morris [the under-cover agent] said was said was said, it authorized the inference of possession which set in motion the whole train of statutory presumptions. 21 U. S.C.A. § 174. If no such conversation took place, or if it was substantially different, the inferences warranted might likewise be different . . . .

"Here was a person affirmatively shown to have been within hearing distance who was an actual witness to the crucial part of this transaction. The conversation, both what was said, how it was said, and what was not said, presented matters of great materiality. . . . As the inferences from it covered the full spectrum from innocence to guilt, the process of truthfinding, which should be the aim of every trial, compelled its disclosure." 256 F.2d at 567.

In the case at bar the government's evidence was considerably less helpful to the defendant. The informer was undoubtedly active "in creating the atmo-

sphere of confidence beforehand." However, he had disappeared by the time the relevant transactions occurred. In the affidavit submitted by defendant in support of his claim of lack of sufficient knowledge to enable him to find the informant, there was no contrary showing; nor was there a showing of anything else the witness could be expected to testify to. In these circumstances we asked counsel at oral argument to suggest as a matter of theory, in the full exercise of his imagination, in what way the informer could be of possible assistance. He replied that the informer might be able to supply evidence showing that defendant's apparent willingness to deal, so far as his relations with the government agent were concerned, was due to some form of earlier entrapment by the informer.

 Quite aside from the question whether a defendant's need for a witness can ever be supplied by speculations of counsel unsupported by anything in the record, it would be particularly inappropriate so to find in the case at bar. Entrapment is an affirmative defense, in the sense that there is an initial burden of going forward upon the defendant. United States v. Costello, 5 Cir., 1973, 483 F.2d 1366, 1367–1368; United States v. Groessel, 5 Cir., 1971, 440 F.2d 602, 606, cert. denied 403 U.S. 933, 91 S.Ct. 2263, 29 L.Ed.2d 713; Kadis v. United States, 1 Cir., 1967, 373 F.2d 370. Since defendant, by hypothesis, knew whatever, if anything, the informer had said or done to entrap him, he cannot plead ignorance or inability to supply the missing substantiation. We see no infirmity, constitutional or otherwise, in requiring him to do so. It may be that he could not make a sufficient proffer as to entrapment without, at least indirectly, admitting the commission of the offense. Of this, however, he cannot complain. It is settled law that a defendant who wishes to claim

monitored or taped by the government without his knowledge requires little comment. There are three answers to this, not the least significant being that none of the substance of the conversations was used by the government, testimonially or otherwise.

entrapment ordinarily cannot, in the same breath, testify that he did not commit the acts charged. United States v. Groessel, ante, 440 F.2d at 605; Sylvia v. United States, 1 Cir., 1963, 312 F.2d 145, cert. denied 374 U.S. 809, 83 S.Ct. 1694, 10 L.Ed.2d 1032; Rodriguez v. United States, 5 Cir., 1955, 227 F.2d 912, 914. Even if a defendant who does not take the stand, but introduces independent evidence of entrapment, may keep his options open in the hope that the jury will acquit him either on the ground that the government has not proved the offense, or has not rebutted the evidence of entrapment, *cf.* Gorin v. United States, 1 Cir., 1963, 313 F.2d 641, 654 n. 10, such possibility cannot outweigh the government's interest in preserving the informer's anonymity. Indeed, it would seem, as a broad proposition, that to hold that need for an informer as a witness can be met purely by speculations of counsel would be to defenestrate *Roviaro*.

Affirmed.