David Roberto ALVAREZ,
Petitioner-Appellant,

v.

UNITED STATES of America et al.,
Respondents-Appellees.

No. 74–3730.

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 1976.

Rehearing Denied Feb. 9, 1976.

Theodore Klein (Court-appointed), Miami, Fla., for petitioner-appellant.

Robert W. Rust, U. S. Atty., Donald L. Ferguson, Asst. U. S. Atty., Miami, Fla., for respondents-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GOLDBERG, Circuit Judge:

David Roberto Alvarez seeks relief under 28 U.S.C. § 2255 from his convictions and sentences for violations of 21 U.S.C. §§ 173, 174, and 26 U.S.C. §§ 4704(a) and 4705(a).[1] After a trial before the court, he was sentenced on September 23, 1971, to serve seventeen years on Count I (conspiracy), eight years on Count II (conspiracy), and eight years each on Counts IX, X, XI, and XV through XX (substantive offenses). The sentences under Counts I and II were consecutive, but the sentences for the substantive offenses were all concurrent with Count I. On direct appeal this Court affirmed the convictions. *United States v. Alvarez*, 5 Cir. 1972, 458 F.2d 1343. When Alvarez returned to the district court under section 2255, he advanced two arguments: (1) that the court had erred in refusing to require disclosure of the names of the Government's confidential informants at the trial, and (2) that the court had erred in imposing consecutive sentences for Counts I and II because only one conspiracy existed. Agreeing with Alvarez's second point, the court vacated the

---

1. The Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. 91–513, repealed these four sections and replaced them with 21 U.S.C. §§ 952, 960, 963, and 21 U.S.C. §§ 825, 828, and 829, respectively.

sentence under Count II and directed a verdict of acquittal on that charge. However, it rejected his first point, and from that ruling he now appeals.

Alvarez contends that the trial judge's refusal to order the Government to disclose the names of confidential informants Nine and Ten was error under the Supreme Court's decision in *Roviaro v. United States,* 1957, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, the leading case on the scope of the so-called informer's privilege. We reject this argument and affirm the district court's decision in all respects.

## I. Facts

When the Bureau of Narcotics and Dangerous Drugs (BNDD) began investigating Alvarez and others in early 1970, confidential informants introduced Special Agent Hector Jordan to Alvarez. Jordan then began negotiating for the purchase of both heroin and cocaine. Assisting Jordan on the night of March 7, 1970, was Agent Harry Hayman. Around 2:30 in the morning on March 8th, Jordan received a telephone call from one of the informants, who instructed Jordan and Hayman to meet him in fifteen minutes. The two agents obeyed; soon thereafter Alvarez and the other informant picked them up in the latter's car and drove them to the appointed rendezvous at a renovated motel. During the ride, conversation in Spanish took place, but Hayman was unable to understand it. Jordan did speak Spanish, as did all the others. At the motel, while the informants waited outside, Jordan bought one kilo of cocaine from Alvarez. Again some of the conversation was in Spanish, though not all of it.

A second transaction took place on March 25, when Alvarez sold a small sample of heroin to Agent Anthony Saladino of the BNDD. At that time, Alvarez told Saladino that he had twenty-one kilos of pure heroin from France. The next day, he sold one of those kilos to Jordan and Saladino.

■ At the trial, Agents Hayman and Saladino testified; Agent Jordan, however, was dead, and therein lies the problem. Alvarez argues that' the only persons capable of testifying in support of his entrapment defense were informants Nine and Ten, since Jordan was dead, Hayman could not understand Spanish, and Saladino did not enter the case until later. At least five times during the trial, he requested compelled disclosure of the informants' names, citing *Roviaro.* Each time, the court denied the motion. Despite the court's offer to reconsider its ruling if and when Alvarez offered any evidence at all on his entrapment defense, Alvarez never took the first step in that direction.[2] Instead, his attorney concentrated on proving that no other independent evidence of entrapment existed. At the conclusion of the trial, the court found that the entrapment defense had absolutely no basis in the evidence.[3]

## II. Disclosure of Informants' Names

■ In *Roviaro,* the Supreme Court discussed the Government's privilege to keep secret the names of its informants. It held that:

We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his de-

**2.** We note again that this trial was before the court; thus questions of jury prejudice do not enter the case.

**3.** Most of the court's findings dealt with the insanity defense, for virtually all of the evidence went to this point. However, the judge also made the following statement:

The Court further finds from all of the evidence that there is no basis for the defense of entrapment; that the Government did not induce an otherwise unwilling person to commit an unlawful act that the defend-

ant would not otherwise have committed but for such inducement. But on the contrary the Government merely provided the opportunity to the defendant who was already disposed and ready to commit the alleged offenses.
Entrapment is an affirmative defense, and the Government can prove the element of predisposition by hearsay without disclosing the names of its informants. *Accord, United States v. Dickens,* 5 Cir. 1975, 524 F.2d 441.

fense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

353 U.S. at 62, 77 S.Ct. at 628–29, 1 L.Ed.2d at 646. Following this general statement, the Court considered the materiality and relevancy of the informant's testimony. Noting that the informant was the sole participant other than the accused to the transaction, the Court was willing to presume the usefulness of the testimony. It reversed the lower court's refusal to compel disclosure.

The decisions following *Roviaro* have increasingly emphasized the particular facts of the *Roviaro* situation.[4] We think that Alvarez's case is controlled by our opinions in *United States v. Clark,* 5 Cir. 1973, 482 F.2d 103, and *United States v. Hodges,* 5 Cir. 1974, 493 F.2d 11.[5] In *Clark* we stressed again the importance of participation in the actual transfer, which is absent in the case before us. *Hodges* was another case in which the accused had gone no further with his entrapment defense than to

speak the word. The court held that it was the defendant's responsibility to make an initial proffer on his entrapment defense before *Roviaro's* balancing process could be invoked.[6]

Alvarez now asserts that it would have been impossible for him to take the stand with respect to his entrapment defense and at the same time preserve the good faith of his insanity defense. First, this contention ignores the middleground alternative of an in camera hearing, a procedure specifically approved by many courts in this precise situation. *See, e. g., United States v. Untiedt,* 8 Cir. 1974, 493 F.2d 1056, *cert. denied,* 419 U.S. 862, 95 S.Ct. 115, 42 L.Ed.2d 98; *United States v. Rawlinson,* 9 Cir. 1973, 487 F.2d 5, 7 & n. 2, *cert. denied,* 1974, 415 U.S. 984, 94 S.Ct. 1579, 39 L.Ed.2d 881; *McLawhorn v. North Carolina,* 4 Cir. 1973, 484 F.2d 1, 5 n. 13. *Cf. Alderman v. United States,* 1969, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176, 192 n. 14. (situations in which in camera proceedings found helpful to some extent include disclosure of informant's identity). This Court recently approved in camera proceedings in a related situation in *United States v. Freund,* 5 Cir. 1976, 525 F.2d 873.[7] Second, if we accept Alvarez's argu-

---

4. *E. g., United States v. Gocke,* 8 Cir. 1974, 507 F.2d 820, 825, *cert. denied,* 1975, 420 U.S. 979, 95 S.Ct. 1407, 43 L.Ed.2d 660; *United States v. Edwards,* 9 Cir. 1974, 503 F.2d 838, 840 *cert. denied,* 1975, 420 U.S. 977, 95 S.Ct. 1402, 43 L.Ed.2d 657. *See United States v. Toombs,* 5 Cir. 1974, 497 F.2d 88, 93.

5. The decision in *Gilmore v. United States,* 5 Cir. 1958, 256 F.2d 565, is distinguishable. There, the defendant showed how the informant's testimony would be relevant to the entrapment defense. The informant, though not a participant in all of the critical conversation, was admittedly within hearing distance and might have overheard it. He helped to create an atmosphere of confidence by his close presence throughout the transaction. These circumstances presented enough facts for the district court to make an informed judgment on the possible materiality and relevancy of the informant's testimony. In contrast, the informants in Alvarez's case were nowhere near the participants at the time of the transfer, and he made no effort to show how their account of the events leading up to the meeting could have helped him.

6. We reject counsel's argument that *Roviaro* applies automatically once the defendant shows that the informant played an active role, without regard to relevancy. Perhaps this is the practical effect in a case where the informant is literally the sole participant; we need not decide that question. Yet the *Roviaro* Court itself considered materiality and relevance before it finally decided the case. The decisions of this Court have always required that the defendant offer some clue about how disclosure would contribute to his case. *E. g., United States v. Toombs,* 5 Cir. 1974, 497 F.2d 88, 93; *United States v. Davis,* 5 Cir. 1973, 487 F.2d 1249, 1251.

7. When Freund challenged the Government's probable cause and identified the informant as one whose version of events would bear significantly on the issue, a critical element of the Government's case was missing. Once this gap appeared, this Court had no alternative but to reverse and remand for further proceedings. No such fatal deficiency exists in the case *sub judice,* since entrapment was Alvarez's affirmative defense.

ment, forced disclosure of informant identity would be virtually assured any time the twin defenses of insanity and entrapment were asserted. Finally, viewing the record as a whole, we are satisfied that this is not a case in which the issue of predisposition was close. The mere invocation of the word "entrapment" does not magically create a viable defense.

Here, the informants, far from being the sole participants, were not even present at the actual transaction. The defense made no proffer to show the relevancy and materiality of their testimony, nor did it ask for an in camera hearing. Under these circumstances, we hold that the trial court correctly refused to upset Alvarez's convictions on the 2255 motion. We therefore affirm the decision below.

Affirmed.