UNITED STATES of America, Plaintiff-Appellee,

v.

**John Henry LONG, Defendant-Appellant.**

No. 74–2536.

United States Court of Appeals, Ninth Circuit.

April 5, 1976.

Rehearing and Rehearing In Banc Denied May 17, 1976.

James F. McAteer (argued), of Lenihan, Ivers, Jensen & McAteer, Seattle, Wash., for defendant-appellant.

Stan Pitkin, U. S. Atty. (argued), Seattle, Wash., for plaintiff-appellee.

## OPINION

Before BROWNING and TRASK, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

This is an appeal from a conviction under an indictment charging Defendant-Appellant John Henry Long with two sales of cocaine in violation of 21 U.S.C. § 841(a)(1). We affirm.

1. Appellant's principal contention is that the trial court erred in quashing a subpoena served upon the government's informant.

The government provided appellant with the name of the informant but not his whereabouts. Appellant subpoenaed the informant pursuant to Federal Rules of Criminal Procedure 17(b). The informant was served while in the United States Attorney's office to be interviewed by appellant's counsel. The government sought to quash the subpoena asserting that the informant was (1) ill, (2) in fear for his life, (3) involved in other investigations that might be revealed if he testified at trial, and, in any event, (4) not possessed of information that would assist appellant. The government asked the court to interview the informant *in camera* pursuant to *United States v. Rawlinson,* 487 F.2d 5 (9th Cir. 1973), to determine if his testimony would be relevant to the defense. The court asked appellant's counsel why he needed the informant's testimony. Appellant's counsel told the court, *in camera,* that the informant had induced appellant to enter into a scheme to defraud the buyer (a government agent) by selling him a white powder, furnished by the informant, represented to the buyer to be cocaine but which the informant told appellant was in fact baking soda or sugar. The court decided to conduct an *in camera* interview of the informant. The court offered to allow both counsel to participate. To avoid revealing the defense, appellant's counsel agreed instead to interview the informant and submit questions which the court would ask the informant in the absence of both counsel. This was done. After the *in camera* interrogation, the court stated it was convinced that the informant's testimony would not be harmful to the government or helpful to the defense and would be cumulative of other evidence. The court concluded that there was no satisfactory showing that it was necessary to have the informant testify or that appellant would be prejudiced if he did not. Balancing these considerations against the government's interest in protecting the informant, the court concluded that the subpoena should be quashed.

Appellant points out that in both *United States v. Rawlinson, supra,* and *United States v. Alvarez,* 472 F.2d 111 (9th Cir. 1973), the question was whether the government should be required to disclose the identity of a confidential informant, and argues that in this case the government revealed the informer's identity and thus waived the privilege. Absent the privilege, appellant argues, the right to compulsory process guaranteed by the Fifth Amendment gives appellant the right to select the witnesses he will present (including government informers, *see United States v. Godkins,* 527 F.2d 1321, 1326 (5th Cir. 1976); *United States v. Davenport,* 312 F.2d 303, 305 (7th Cir. 1963)), and the court may not conduct a pre-trial review of the testimony of those witnesses and bar those the court thinks will not be helpful to the defense.

In *Roviaro v. United States,* 353 U.S. 53, 60, 77 S.Ct. 623, 627, 1 L.Ed.2d 639, 644 (1957), the Supreme Court stated that "once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable." The Court of Appeals for the Fifth Circuit recently held that this means that a defendant may not be barred from subpoenaing "any witness already known by him." *United States v. Godkins, supra.* No doubt this is the gener-

---

* Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

al rule. Ordinarily, the defendant will be the only person "who would have cause to resent the communication"; and if the defendant knows the identity of the informant, the purpose of the privilege "to maintain the Government's channels of communication by shielding the identity of an informer from those who would have cause to resent his conduct" (*Roviaro v. United States, supra,* 353 U.S. at 60 n. 8, 77 S.Ct. at 627, 1 L.Ed.2d at 645), can no longer be accomplished. But this is not always true. Persons other than the particular defendant may have cause to resent the informant's conduct, and disclosure to the defendant alone may not be equivalent to disclosure to these other persons. The *in camera* interrogation of the informant indicated that this was the situation in the present case. The informant had been involved in eight or ten transactions involving a distinct clique of participants in the drug traffic in the Seattle area. Those in the clique he had exposed were aware of his role, but members of the much larger group were not. The informer feared that if he appeared at trial as a government witness his role as an informer would be established with the latter group as well. On this record the trial court could conclude that the informer privilege continued to serve its intended purpose despite the transmittal of the informant's name to appellant's counsel. *Cf. United States v. Godkins, supra,* 527 F.2d 1321, 1327 n. 1 (Judge Gee, specially concurring).

■ Since the informer's privilege remained, the *in camera* procedure adopted by the court to aid it in determining whether the government interest protected by the privilege outweighed appellant's right to prepare his defense (*United States v. Roviaro, supra,* 353 U.S. at 62, 77 S.Ct. at 628, 1 L.Ed.2d at 646) was proper under *United States v. Rawlinson, supra; United States v. Alvarez, supra;* and *United States v. McLaughlin,* 525 F.2d 517, 519 (9th Cir. 1975). *See also United States v. Freund,* 525 F.2d 873, 876–78 (5th Cir. 1976) (authorities cited). On the basis of the whole record, including the transcript of the *in camera* proceedings, we are unable to say the trial court erred in striking the *Roviaro* balance. It is true that the informant participated in the transaction, and his testimony would have been critical if it had corroborated that of appellant. On the other hand, the informant was not the only witness to the actual sales, and the testimony of the government agent to whom both sales were made was essentially the same as the informer's *in camera* testimony. To the extent that it was not cumulative, the informer's testimony was adverse to appellant in every respect. The informer had been productive in a large number of investigations. His exposure would not only end that cooperation, but, in all probability, would discourage communications from others as well. The risk from further disclosure was real; there were reports from independent sources that two "contracts" for the informant's execution were already in existence.

■ Even if the informer's privilege had ended with the disclosure of the informant's name to appellant's counsel, we would reject appellant's challenge to his conviction on the ground that if appellant was erroneously prevented from using the informant as a witness, the error was harmless beyond a reasonable doubt. Error resulting in the unavailability of a witness is subject to the harmless error rule (*United States v. Perlman,* 430 F.2d 22, 26 (7th Cir. 1970); *United States v. Watson,* 421 F.2d 1357, 1358 (9th Cir. 1970); *Greenwell v. United States,* 115 U.S.App.D.C. 44, 317 F.2d 108, 111 (1963)); and, as we have said, the *in camera* transcript demonstrates that the testimony of the informer would have been consistent with that of the government agents, largely cumulative, and adverse to appellant to the extent it was not cumulative.

2. Appellant complains because the court declined to instruct the jury that failure to produce a material witness peculiarly within the control of a party creates a presumption that the absent witness's testi-

mony would be adverse to that party. Appellant also complains because the court intervened when defense counsel told the jury in closing argument that a subpoena had been issued for the informant and served "but the government saw fit not to produce him." The court told the jury that the informant's absence "results from an order of the court and neither the defendant nor the government is responsible for his failure to testify. The court's order prohibiting the appearance of this witness was based upon facts that are not relevant or material to your deliberations."

The court did not err. A "missing witness" instruction is proper only if "from all the circumstances an inference of unfavorable testimony from an absent witness is a natural and reasonable one." *Burgess v. United States,* 142 U.S.App.D.C. 198, 440 F.2d 226, 234 (1970). Here, the witness was absent in part because the court had concluded that his testimony would *not* be favorable to the defense. Appellant also argues, citing Judge Fahy's discussion in *Burgess,* 440 F.2d at 234–35, that even though a "missing witness" instruction may not be appropriate, counsel should be permitted to comment on the absence of the witness. But the court did not forbid all reference to the absence of the informer. The court simply gave the jury the information it needed to evaluate any comment that might be made, and to avoid being misled. The court's comment was fair and accurate; contrary to appellant's assertion, it neither suggested that the informant's testimony would have supported the Government, nor "downgraded defense counsel before the jury."

3. Relying upon *United States v. Bueno,* 447 F.2d 903 (5th Cir. 1971), and *United States v. Oquendo,* 490 F.2d 161 (5th Cir. 1974), appellant argues that appellant's testimony that the substance sold to the agent was provided by the informer established entrapment as a matter of law, and required the government to produce the informer as a witness to contradict appellant's testimony. We need not decide whether the *Bueno* rule survived *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973) (*compare United States v. Mosley,* 496 F.2d 1013 (5th Cir. 1974), and *United States v. West,* 511 F.2d 1083 (3d Cir. 1975), *with United States v. Jett,* 491 F.2d 1078 (1st Cir. 1974), and *United States v. Hampton,* 507 F.2d 832 (8th Cir. 1974), *cert. granted,* 420 U.S. 1003, 95 S.Ct. 1445, 43 L.Ed.2d 761 (1975)), a question the Supreme Court may decide shortly in *Hampton.* *Bueno* does not require that the informant be produced but only that the government go forward with sufficient evidence to controvert the defendant's testimony as to the source of the contraband. *United States v. Dovalina,* 525 F.2d 952, 955–56 (5th Cir. 1976); *United States v. Soto,* 504 F.2d 557 (5th Cir. 1974); *United States v. Gomez-Rojas,* 507 F.2d 1213, 1218 (5th Cir. 1975); *see also United States v. Gurule,* 522 F.2d 20, 24 (10th Cir. 1975) (holding that the jury may disbelieve uncontradicted testimony by the defendant as to the source of the contraband). In this case the government offered evidence which, if true, would have made it impossible for appellant to have obtained the substance from the informer as he testified. In view of this conflict in evidence, a question of fact as to the source of the cocaine was presented for the jury to resolve. *United States v. Dovalina, supra.* Appellant failed to request an instruction submitting this question of fact and the *Bueno* defense to the jury.

Affirmed.