Theodore Roosevelt JOHNSON,
Petitioner,

v.

Donald WYRICK, Warden, Missouri
State Penitentiary, Respondent.

No. 79–1507C(1).

United States District Court,
E. D. Missouri, E. D.

Oct. 28, 1980.

*Atomic Workers International Union, Local 4-- 228* (April 24, 1974) (Exhibit No. 16).

Theodore R. Johnson, Jr., pro se., for petitioner.

John M. Morris, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM

WANGELIN, Chief Judge.

On September 29, 1980 the United States Magistrate recommended that the petition of Theodore Roosevelt Johnson, Jr., for a writ of habeas corpus under 28 U.S.C. § 2254 be denied. Petitioner has filed written objections to this recommendation. Although the Court believes the Magistrate recommended the correct determinations, several of petitioner's objections warrant comment.

■ Petitioner objects to the Magistrate's conclusion that his *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), claim is barred by procedural default under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). It is petitioner's claim that the Magistrate ig-

nored the fact that despite the vagueness of defense counsel's objection both the trial judge and the prosecution understood the objection to mean a demand for a hearing outside the presence of the jury on the voluntariness of the admitted statement. If the trial judge and prosecutor so understood the objection, petitioner argues that the procedural default doctrine of *Wainwright* is inapplicable under *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) and *Collins v. Auger*, 577 F.2d 1107 (8th Cir. 1978), *cert. denied*, 439 U.S. 1133, 99 S.Ct. 1057, 59 L.Ed.2d 96 (1979). (*See* Report, 10–11 n.3.)

It cannot be said from this record that the prosecution and the judge understood that defendant was claiming a right to a *Jackson v. Denno, supra,* hearing. The objection was phrased, "I would ask here out of the presence of the jury a ruling on the relevancy and admissibility of the statement." The prosecutor then informed the judge that the police officer would testify that the statement was made spontaneously, not in response to any question by the officer. The judge responded "In other words, its exculpatory in nature rather than incriminating?" The prosecutor replied, "that's correct." After an off–the–record discussion, the request was denied.

Petitioner argues that the only possible meaning attributable to the objection is a request for a *Jackson v. Denno* hearing. In petitioner's brief to the Missouri Court of Appeals on his direct appeal, however, petitioner's trial counsel argued that in addition to the trial court's failure to hold a voluntariness hearing, the court erred in admitting the statement on relevancy grounds because it referred to a separate crime. The attorney stated in the brief that

> Moreover, there was no evidence that the statement was in any way related to the instant case and, in fact, there was substantial reasons to believe that it was not. * * * It is far more likely that these defendants were suspects in other crimes, including one in which another police officer was killed . . . and that the alleged statement referred to one of these crimes.

This likelihood is bolstered by the words attributed to appellant by Sgt. Bokal: "They can't get me for *that*: I was in the workhouse when *that* pig was killed." Significantly, there was no reference to more than one person being killed, nor to other persons being shot or stabbed, nor to a robbery, nor to a tavern.

Brief for Appellant, *State of Missouri v. Johnson*, 539 S.W.2d 493 (Mo.App.1976). (Resp.Exh. B–1, 164–165.) This appellate argument by the attorney who made the trial objection suggests the possibility that the request for a hearing outside the presence of the jury on the relevancy. and admissibility of the statement was a request by the attorney for the opportunity to explain outside the hearing of the jury that the statement referred to another police killing. It is significant to note in this regard that after an off–the–record discussion the trial judge denied petitioner's request but subsequently admonished the attorneys not to refer to the statement in final arguments. (Resp.Exh. A–4, 1091.)

It cannot therefore be said that Missouri courts have had a fair opportunity to rule on this claim. The record simply does not support a conclusion that despite the vagueness of the objection the trial court understood that petitioner was claiming a right to a *Jackson v. Denno* hearing. The trial judge apparently overruled the objection on the grounds that the statement was relevant as an exculpatory statement probative of a consciousness of guilt. *State of Missouri v. Johnson, supra, at* 507. Petitioner's failure to object with sufficient specificity and failure to preserve the claim in his motion for new trial therefore bar his claim from consideration by this court under *Wainwright v. Sykes, supra,* as discussed in the Report and Recommendation.

█ As an alternative, petitioner argues that his attorney's failure to properly object and to preserve the issue for appeal form a basis for habeas relief on the ground of ineffective assistance of counsel. An ineffective assistance claim requires a showing of prejudice. *Witham v. Mabry,* 596 F.2d 293, 298 (8th Cir. 1979). As in *Witham,* the petitioner has not even attempted to explain how he was prejudiced by the attorney's failure to properly object, and his claim should therefore be rejected.

It appears from the record that petitioner could not make a sufficient showing of prejudice. The officer who testified to petitioner's statement was examined as to the circumstances of the statement and testified that the statement was unsolicited (Resp. Exh. A–3, 884–86) and was made subsequent to the giving of *Miranda* warnings. (Id., 754.)

█ Petitioner has also objected to the Magistrate's conclusion that petitioner's due process rights to discovery of informant identification were not denied under *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The Magistrate determined that if the Constitution requires a *Roviaro* balancing when a request for the disclosure of the identity of an informant is made, the facts before the state trial court were sufficient to support such a balancing and to support the trial court's denial of the request. (*See* Report, 15–17.) Petitioner claims that because the state trial court lacked certain information such as the role of the informants as witnesses or participants in the crime, the judge could not have performed the balancing of the defendants' needs as against the state's interest in maintaining secrecy as outlined in *Roviaro.*

█ Petitioner's argument is without merit. There is nothing in this record which supports the conclusion that the informants did anything more than inform the police that a certain car may have been used in the crime and inform the police that Alfred was one of the robbers. Neither the car nor Alfred were ever connected with the crime. Petitioner argues that the lack of evidence concerning the informants supports his claim. It does not. Federal courts have consistently held that the Constitution does not require the disclosure of an informant who was not an actual participant in or witness to the offense charged. *See e. g., United States v. Skeens,* 449 F.2d 1066 (D.C.Cir.1971). The burden is on the

petitioner to establish that the identity of the informant is necessary to his defense. *Id.*, *United States v. Alvarez*, 472 F.2d 111 (9th Cir. 1973). Mere speculation that the informer might possibly be of some assistance does not meet that burden. *Lannom v. United States*, 381 F.2d 858 (9th Cir. 1967), *cert. denied*, 389 U.S. 1041, 88 S.Ct. 784, 19 L.Ed.2d 833 (1968). Petitioner's claim is therefore without merit.

The rest of petitioner's objections are also without merit. The petition for a writ of habeas corpus will be denied.