UNITED STATES of America,
Plaintiff-Appellee,

v.

Euclid TUTWILER, Jr., Defendant-Appellant.

No. 74–1334.

United States Court of Appeals,
Ninth Circuit.

Aug. 9, 1974.

The seizure and arrest was made on February 23, 1973, at an immigration check point approximately 50 miles north of the Mexican border. Approximately five ounces of heroin were seized (the indictment alleges 112 grams) from the possession of defendant's companion, Eddie Leroy Anderson.

The trial court denied a motion to suppress. Defendant was convicted by a jury, but no issues are raised on appeal concerning the jury trial. Generally, the same evidence was presented as on the motion to suppress except for the references to the informers. At the trial, Anderson, previously indicted in a separate proceeding, testified for the government against defendant, to the effect that he, one Nichols and the defendant had agreed to travel to Mexico to secure heroin; that he (Anderson) and Nichols each put up one-half of the money for the purchase; that defendant was to receive one-third of the heroin for having the necessary contacts in Mexico and for making the arrangements; that they obtained the heroin the night before, hid it under a palm tree, and on the morning of the arrest, defendant picked up the heroin near the tree and handed it to Anderson, who placed it in his waistband.

The government's attempt to sustain the search and seizure as the result of a "pat down" for weapons, fails. Its attempt to claim an "extended border search" fails because of interruption in keeping a complete surveillance of the defendant and his companions northward from the border.

However, there was probable cause for the search, seizure and arrests, and the fact that the customs agents decided to utilize the check point for safety reasons does not negate their probable cause to search, seize and arrest.

Customs agent Espinoza, on February 23, 1973, secured information from an informant that defendant had purchased approximately five ounces of heroin in

Matthew N. Lees, San Diego, Cal., for defendant-appellant.

Richard E. L. Strauss, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before CARTER and TRASK, Circuit Judges, and WHELAN,* District Judge.

## OPINION

JAMES M. CARTER, Circuit Judge:

Defendant Tutwiler appeals from a judgment of conviction on two counts: (1) conspiracy to possess heroin with intent to distribute in violation of 21 U.S. C. § 841(a)(1) and 846, and (2) possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

* Honorable Francis C. Whelan, United States District Judge, Central District of California, sitting by designation.

Mexicali, Mexico, and that delivery was to be in Calexico or Brawley, California.

Agents observed defendant and his companions, Anderson, Dixon and Nichols, enter the United States at the Calexico port of entry. The four men and the Cadillac car they were in were searched and no contraband found. Surveillance of the car and the men was then started.

Previously, the same informant had supplied information that about January 11, 1973, the defendant had purchased two ounces of heroin in Mexico; that on January 23, 1973, the defendant and Nichols were in Mexicali, Mexico, to buy heroin and that delivery was to be made in the United States; that on January 25, 1973, defendant and Nichols purchased four ounces of heroin and that it was to be delivered in Brawley, California. Defendant and Nichols had left the area by the time the agent received this latter information.

A surveillance of defendant and his companions on January 11, 1973, and four days thereafter produced no results.

On January 23, 1973, defendant and Nichols crossed the border into the United States. Nichols was searched and had $3,000 cash on his person. On January 24, 1973, he was again searched on crossing the border, and the cash was gone.

The defendant was driving the Cadillac automobile on both January 11 and January 23, 1973.

Information was also supplied by a second informant on February 21, 1973, that defendant was en route from Northern California to Calexico to purchase heroin in the same Cadillac he had been observed in on January 11 and on January 23, 1973.

The informants were both shown to have been reliable and the agents testified "in camera" as to the basis for the informants' information. The two-pronged test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 416, 89 S.Ct. 584, 21 L.Ed.2d 637 (1967) was satisfied.

United States v. Rawlinson (9 Cir. 1973), 487 F.2d 5, 7, cert. denied, 415 U.S. 984, 94 S.Ct. 1579, 39 L.Ed.2d 881 (1974), approves the use of such an "in camera" proceeding stating: " . . . in most situations an 'in camera' hearing provides a salutary means by which to satisfy the balancing of interests required by Roviaro." (Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L. Ed.2d 639 (1957).

■ We have carefully examined the transcript of the *in camera* hearing conducted by the trial court. As specifically noted by the court below, the transcript demonstrates the total reliability of the informant, the likelihood that the testimony of the agent, if given in open court, would reveal the identity of the informant, and the total lack of anything that could have aided the defendant's case. *See* United States v. Anderson (9 Cir. 1974), 509 F.2d 724, where, on facts identical to those of the present case, the use of the *in camera* hearing below was upheld with respect to Tutwiler's companion, Eddie Leroy Anderson. We fully endorse the reasoning and analysis of relevant case law set forth in that opinion at pp. 727–730.

■ There was also corroboration of the first informer's statements. A telephone number was supplied to the agent as one given by the defendant to the dealer to use "when he had merchandise to sell." The agent verified it as defendant's home telephone. The informant supplied the agent with the make and license number of defendant's car, which was subsequently found to be accurate. This corroboration served to further verify the reliability of the informer.

In addition, the surveillance of February 23, 1973, placed defendant in various areas of Brawley where bars are the main source of narcotics traffic in Brawley. Defendant was observed near Brawley getting out of the Cadillac he was driving, near a lone palm tree. He

opened the hood of the car and looked up and down the highway as if looking for something. There was no traffic on the highway. The area was one of open fields and a straight road. Defendant, after 15 to 20 seconds, approached the palm tree and reached down with his hands toward a low-hanging limb. As he walked back to the car the passenger side was opened by someone from the inside, and defendant made an underhand pitching motion toward the open door with his left hand.

Agent Espinoza, after defendant left, found defendant's foot prints near the palm, raised the same palm leaf or limb, and observed a hole under the tree, as if something had been taken out of it. The hole was one and one-half to two inches deep and about the same size as the five-ounce package of heroin found on the search.

The motion to suppress was properly denied. The judgment of conviction is affirmed.