956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lester GAMBLE, Petitioner-Appellant,
v.
George DEEDS, Warden, Southern Desert Correctional Center;
and Attorney General of the State of Nevada,
Respondents-Appellees.
 No. 90-16842.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided March 5, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lester Gamble, a Nevada state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Finding no merit to his contentions, we affirm the district court's denial of the petition.
 
 I. FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 In 1988, a jury in Nevada state court convicted Gamble of selling cocaine, and the trial court sentenced him to twelve years in prison. Before trial Gamble moved several times to represent himself and to have his appointed counsel remain at trial as co-counsel. The trial court questioned Gamble about his request and granted his motion. When the trial court granted Gamble's motion, he moved for additional time to prepare a suppression motion for his defense. The trial court agreed to hear Gamble's motion after jury selection for the trial, but eventually denied his motion to suppress.
 
 
 4
 Gamble filed a petition for writ of habeas corpus on March 29, 1990. The district court, adopting the magistrate's report and recommendation, found that (1) Gamble had not requested a continuance but rather had requested that the trial court entertain his motion to suppress, which it did; (2) the trial court made a comprehensive inquiry when it determined that Gamble's waiver of his right to appointed counsel was knowing and voluntary; (3) Gamble failed to show that the disclosure of a confidential informant's identity was necessary to provide him with a fair trial; (4) the comments made by the prosecutor in closing argument did not deprive Gamble of a fair trial; and (5) Gamble's allegations of outrageous police misconduct were meritless.
 
 II. DISCUSSION
 
 5
 This court reviews de novo the district court's denial of a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Brown v. Borg, 951 F.2d 1071 (9th Cir.1991); Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). To the extent necessary to review findings of fact, this court applies a clearly erroneous standard. Id.
 
 
 6
 A. Request for a Continuance.
 
 
 7
 The trial court's decision to grant or to deny a continuance is reviewed for an abuse of discretion. Armant v. Marquez, 772 F.2d 552, 556 (9th Cir.1985), cert. denied, 475 U.S. 1099 (1986). This court considers the following factors when reviewing the denial of a continuance motion: (1) the degree of the movant's diligence prior to the date that the continuance is sought; (2) whether the continuance would have served a useful purpose if granted; (3) the inconvenience that the continuance would have caused the court; and (4) the amount of prejudice suffered by the movant. Id.
 
 
 8
 After the trial court granted Gamble's motion to proceed pro se, he requested additional time to present a motion to suppress, but he later asked the judge merely to "take time ... to look it over." Gamble cannot show that he suffered any prejudice because he was able to present his motion to the district court. Moreover, witnesses for the prosecution were available for trial and jury selection was about to begin in the trial. The judge gave Gamble until after jury selection to prepare his motion. A longer continuance may have inconvenienced the court. Finally, it is unclear that Gamble even made a request for additional time to prepare. Accordingly, the trial court did not abuse its discretion in denying Gamble's motion for a continuance. See United States v. Polizzi, 801 F.2d 1543, 1559 (9th Cir.1986).
 
 
 9
 B. Waiver of Trial Counsel.
 
 
 10
 Gamble contends that he did not knowingly, intelligently, and voluntarily waive his right to counsel as required by Faretta v. California, 422 U.S. 806, 835 (1975). See also United States v. Balough, 820 F.2d 1485, 1487 (9th Cir.1987). Specifically, he argues that the trial court did not inform him of the advantages and disadvantages of proceeding pro se and that he did not understand that his counsel would act only in an advisory capacity and not as co-counsel.
 
 
 11
 The record shows, however, that the trial court discussed with Gamble the dangers and disadvantages of representing himself rather than having an attorney represent him and the limits placed on his former counsel if he served in an advisory role.[1] Under these circumstances, the district court's Faretta canvassing was thorough and complete, and Gamble's waiver of his right to counsel was knowing, intelligent, and voluntary. See United States v. Robinson, 913 F.2d 712, 714 (9th Cir.1990), cert. denied, 111 S.Ct. 1006 (1991).
 
 
 12
 C. Disclosure of the Confidential Informant.
 
 
 13
 Gamble argues that the disclosure of the confidential informant was necessary for a fair determination of his guilt or innocence. Gamble moved to discover the informant's identity, but the trial court denied his motion without conducting an in camera hearing to determine whether the informant's testimony would be relevant to the defense.
 
 
 14
 The Supreme Court has held that the disclosure of the identity of a confidential informant is necessary were it "is relevant and helpful to the defense of an accused...." Rovaiaro v. United States, 353 U.S. 53, 60-61 (1957). The following factors are relevant when deciding whether to identify a confidential informant: (1) the crime involved; (2) the possible defenses available to the defendant; and (3) the significance of the informant's testimony. Id. at 62. Mere speculation that the informant's testimony would be helpful is insufficient to compel disclosure. United States v. Sanchez, 908 F.2d 1443, 1451 (9th Cir.1990).
 
 
 15
 Gamble argues that identifying the informant would allow him to determine if the police received information from an informant or if an informant even existed. The informant, however, was not involved in the drug transaction for which Gamble was convicted; identifying the informant was therefore unnecessary. United States v. Anderson, 509 F.2d 724, 728 (9th Cir.1975) (disclosure unnecessary where informant not party to criminal transaction), cert. denied, 420 U.S. 910 (1975); see also United States v. Jaramillo-Suarez, 950 F.2d 1378, 1387 (9th Cir.1991) (disclosure unnecessary where informant was not witness to critical event of charges); United States v. Sai Keung Wong, 886 F.2d 252, 256 (9th Cir.1989) (relevance and helpfulness of informant to defense "will often depend on the degree of involvement by the informant in the charged crime") (citations omitted).[2]
 
 
 16
 D. Improper Closing Argument.
 
 
 17
 Gamble contends that he was deprived of a fair trial because the prosecutor made improper remarks in his closing argument.
 
 
 18
 The proper inquiry when reviewing a prosecutor's comments during closing arguments is "whether allegedly improper behavior, considered in the context of the entire trial, including the conduct of the defense counsel, affected the jury's ability to judge the evidence fairly." United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986) (citations omitted).
 
 
 19
 The prosecutor stated in closing arguments, "We have a war against controlled substance[s].... [We] cannot continue to lose this war. And I ask you to find the defendant guilty." This comment was not so prejudicial that it denied Gamble a fair trial or affected the jury's ability to evaluate the evidence fairly. The reference to the "war against controlled substance[s]" falls within the bounds of permissible closing argument. See Id. at 513 ("[c]ounsel may be allowed some latitude in illustrating their arguments by reference to notorious or historical events without ... commit[ting] irreparable prejudice").
 
 
 20
 E. Outrageous Police Conduct.
 
 
 21
 Gamble contends that the police engaged in outrageous conduct by following unreliable procedures for their "buy money." This is evidenced, Gamble contends, by the officers' inability to recall the denominations of the "buy money." Gamble also argues that he should not have been the target of a police investigation.
 
 
 22
 "Only extreme [law enforcement] misconduct constitutes a due process violation." United States v. Ramirez, 710 F.2d 535, 541 (9th Cir.1983). Law enforcement activity is constitutionally infirm when it shocks the conscience or violates one's universal sense of justice. Id. at 539.
 
 
 23
 In Gamble's case, the police officers who investigated and arrested him did not engage in outrageous conduct. The officers conducted a legitimate undercover operation in order to arrest Gamble. The officers received a tip from an informant that Gamble was a cocaine dealer. The use of "buy money" to purchase controlled substances is a legitimate means to apprehend a criminal suspect. See Id. at 541 (undercover agents "may use artifice and strategem [sic] to ferret out criminal activity"); see also United States v. Simpson, 813 F.2d 1462 (9th Cir.1987), cert. denied, 484 U.S. 898 (1987). In these circumstances, the police officers' conduct did not "shock the conscience" or violate one's "universal sense of justice," and thus Gamble was not denied due process.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The trial court also discussed with Gamble his age and education; the charge against him; possible defenses; jury selection; the potential sentence he faced if convicted; his previous court experience; whether his decision to represent himself was carefully thought out; and his right to testify if he so chose
 
 
 [2]
 This Circut generally requires that the trial should conduct an in camera hearing to determine if the informant's testimony would be helpful to the defense. United States v. Rawlinson, 487 F.2d 5, 7 (9th Cir.1973), cert. denied, 415 U.S. 984 (1974). The trial court has the discretion, however, to hold such a hearing. United States v. Fixen, 780 F.2d 1434, 1440 (9th Cir.1990); United Sttes v. Johnson, 886 F.2d 1120, 1122 (9th Cir.1989), cert. denied, 110 S.Ct. 1830 (1990). We cannot say that the state trial court abused its discretion in declining to conduct an in camera hearing