PD-0058-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/19/2015 12:00:00 AM
Accepted 1/21/2015 2:28:49 PM
ABEL ACOSTA
CLERK

PDR NO._____
COURT OF APPEALS NOS. **02-13-00192-CR**

IN THE TEXAS
COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

**JAMES EDWARD MOORE**
PETITIONER
VS.
**THE STATE OF TEXAS**
RESPONDENT

_____
PETITION FOR DISCRETIONARY REVIEW
OF THE OPINION OF THE
SECOND COURT OF APPEALS OF
TARRANT COUNTY, TEXAS

_____

_____
**PETITION FOR REVIEW**

DANNY D. BURNS
115 North Henderson Street
Fort Worth, Texas 76102-1040
(817) 870-1544  FAX (817) 870-1589
State Bar No. 03443800
dburnslaw@sbcglobal.net

FILED IN
COURT OF CRIMINAL APPEALS

January 21, 2015

ABEL ACOSTA, CLERK

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

**COMES NOW JAMES EDWARD MOORE,** Petitioner and files this his Petition for Discretionary Review of the decision of the Second Court of Appeals sitting in Fort Worth, Tarrant County, Texas.

## LIST OF INTERESTED PARTIES

**JUDGES:**                              **APPELLANT:**

Hon. Louis E. Sturns          James Edward Moore
Judge 213th Judicial District
Court
401 West Belknap
Fort Worth, Texas 76196

**TRIAL ATTORNEYS**
Alicia Cannon and
Andrea Risinger
Prosecuting Attorneys
Tarrant County District Attorney's Office
401 West Belknap Street
Fort Worth, Texas  76196

Danny D. Burns and
C. Kyle Hogan (Separate law firms)
115 N. Henderson Street
Fort Worth, Texas 76102
Defense Attorneys

**APPELLATE COUNSEL:**
Joe Shannon, Criminal District Attorney
Charles M. Mallin, Assistant Criminal District Attorney
401 West  Belknap Street
Fort Worth, Texas  76196-0201

Danny D. Burns, Appellate Counsel for Defense
115 North Henderson Street
Fort Worth, Texas  76102-1940


/s/ Danny D. Burns
DANNY D. BURNS

ii

# TABLE OF CONTENTS

LIST OF INTERESTED PARTIES..............................ii

TABLE OF CONTENTS.....................................iii

TABLE OF CASES AND AUTHORITIES........................v

STATEMENT REGARDING ORAL ARGUMENT.....................vi

STATEMENT OF THE CASE................................. 1

STATEMENT OF JURISDICTION.............................7

PROCEDURAL HISTORY.................................... 7

POINTS FOR REVIEW.................................... 8

REASON FOR REVIEW NUMBER ONE......................... 9

       THE COURT OF APPEALS HAS DECIDED AN
       IMPORTANT QUESTION OF STATE LAW WHICH
       HAS NOT BEEN BUT WHICH SHOULD BE
       DECIDED BY THIS HONORABLE COURT
       REGARDING THE LEGALITY OF A CITY
       VIOLATING THE STATUTORY REQUIREMENT OF
       HAVING ALL POLICE CARS EQUIPPED WITH
       AUDIO-VIDEO CAMERAS TO RECORD ALL
       TRAFFIC STOPS UNDER THE ANTI-PROFILING
       STATUTE SET OUT IN TEXAS CODE OF
       CRIMINAL PROCEDURE, ARTICLE 2.132-138.

REASON FOR REVIEW NUMBER TWO.........................13

       THE COURT OF APPEALS HAS DECIDED AN
       IMPORTANT QUESTION OF STATE LAW WHICH
       IS IN CONFLICT WITH ESTABLISHED
       SUPREME COURT PRECEDENT INVOLVING THE
       RIGHT TO NOTICE OF BRADY MATERIAL AND
       MATERIAL WITNESSES.

CONCLUSION AND PRAYER.................................17

CERTIFICATE OF SERVICE...............................18

CERTIFICATE OF COMPLIANCE............................19

APPENDIX (OPINION AND DENIAL OF REHEARING)

**TABLE OF CASES**

**CASES**:

*Banks v. Dretke,* 540 U.S. 668, 124 S.Ct.
1256, 157 L.Ed.2d 1166 (2004). . . . . . . vi,14,16

*Roviaro v. United States*, 353 U.S. 53,
77 S.Ct. 623, 1 L.Ed.2d 639 (1957). . . vii,14,17

*United States v. Godkins*, 527 F.2d 1321
(5th Cir., 1976). . . . . . . . . . . . . . . . . 14,16

*United States v. Melchor Moreno*, 536 F.2d
1042 (5th Cir., 1976). . . . . . . . . . . . . 14,16

**AUTHORITIES**

ANTI-TERRORISM AND EFFECTIVE DEATH PENALTY ACT,
28 U.S.C. §§2254 & 2255. . . . . . . . . . . vi,16

TEXAS CODE OF CRIMINAL PROCEDURE,
ARTICLE 2.132-138. . . . . . . . . . . . . 6,9,10
Article 2.132. . . . . . . . . . . . . . vii,viii,10
Article 38.23. . . . . . . . . . . . . . viii,8,9

TEXAS RULES OF EVIDENCE;
Rule 508. . . . . . . . . . . . . . . . . . 4,15

TEXAS CONSTITUTION,
Article I,
Section 9. . . . . . . . . . . . . . . . . . 15
Section 10. . . . . . . . . . . . . . . . . . 15
Section 15. . . . . . . . . . . . . . . . . . 15
Section 19. . . . . . . . . . . . . . . . . . 15
Article 5,
Section 5. . . . . . . . . . . . . . . . . . 7

CONSTITUTION OF THE UNITED STATES,
FIFTH AMENDMENT. . . . . . . . . . . . . . . 15
SIXTH AMENDMENT. . . . . . . . . . . . . . . 15
FOURTEENTH AMENDMENT. . . . . . . . . . . . . 15

**STATEMENT REGARDING ORAL ARGUMENT**

Petitioner requests the Court to grant oral argument in this case. The refusal of the trial court to reveal the informant's identify deprived Petitioner of exculpatory evidence and the right to confront his accusers. Petitioner could not present his defense that the controlled substance must have been placed in the vehicle by the informant who had a motive to work off a case or just revenge. Either way the testimony from the informant would have produced ample reasonable doubt before the jury. The fact that the right to this information is adequately demonstrated by the Supreme Court's opinion in *Banks v. Dretke,* 540 U.S. 668, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004) which found that the right to revelation of the identity of an information is of such established precedent that it supports relief under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). In an analogous situation, the Supreme Court ruled that the failure to reveal the identity of the Informant who was present at crime and who "might" be a material witness as to whether the accused knowingly

transported the drugs was reversible error.  SEE: *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) Petitioner Moore certainly met the might be a material witness standard required for disclosure under *Roviaro*.  The Court of Appeals adding the additional requirement that the Respondent must prove that the Informant **was** a material witness violates the federal constitution and  produces an impossible required showing for the defense to ever obtain the material witness informant.  Petitioner made more than an adequate showing and this Honorable Court should grant review in order to address this new requirement for the disclosure of a material witness at the scene of the crime.

The Legislature has required video/audio cameras in police cars involved in the stopping of motor vehicles to prevent profiling and harassment of drivers without a demonstration on the tape of probable cause for the officer's stop.  Allowing a city to ignore the requirements of the Texas Code of Criminal Procedure, Article 2.132(7)(d) requirement of cameras invites a continuation of racial and status profiling which the

Legislature is attempting to eliminate. The Court of Appeals reasoning that the statute does not address the evidence suppression issue is simply wrong. The very purpose of the statute is to stop, by whatever means necessary, racial and status profiling. This Honorable Court should grant review to address whether the violation of Article 2.132(7)(d) requires suppression or at least a jury instruction under Article 38.23 of the Texas Code of Criminal Procedure.

This Honorable Court should grant review in order to address these issues.

## STATEMENT OF THE CASE

The Appellant Mr. James Edward Moore was charged with possession of a controlled substance possession of methamphetamine of over four grams but less than 200 grams with intent to deliver and in count two with possession of methamphetamine of four grams or more but less than 200 grams.  The indictment contained a single prior conviction alleged for enhancement of punishment purposes.  (R., Vol. 1, p. 5-6) Mr. James Edward Moore filed a Notice of Intent to Object to Warrantless Search and a Motion to Disclose Informer's Identity.  (R., Vol. 1, p. 20-23 and p. 24-27, respectively) Both of the Motions were denied.  After a full trial, the jury convicted Appellant James Edward Moore of Possession with Intent to Deliver 4-200 grams of Methamphetamine and the trial court sentenced Appellant James Edward Moore to twenty-five (25) years in the Institutional Division of the Texas Department of Corrections.  Appellant timely and properly gave notice of appeal to this Honorable Court.

The indictment contained a single prior conviction

alleged for enhancement of punishment purposes. (R., Vol. 1, p. 5-6) Mr. James Edward Moore filed a Notice of Intent to Object to Warrantless Search and a Motion to Disclose Informer's Identity. (R., Vol. 1, p. 20-23 and p. 24-27, respectively) Both of the Motions were denied. After a full trial, the jury convicted Appellant James Edward Moore of Possession with Intent to Deliver 4-200 grams of Methamphetamine and the trial court sentenced Appellant James Edward Moore to twenty-five (25) years in the Institutional Division of the Texas Department of Corrections. Appellant timely and properly gave notice of appeal to this Honorable Court.

At the hearing on the Motion to Suppress, the State conceded there was no Search Warrant. (R., Vol. 2, p. 5) The State called Officer Joe A. Pittman with the Fort Worth Police Department, Narcotics Division. (R., Vol. 2, p. 6) Officer Pittman testified he received information on Appellant Moore and he set up surveillance on Petitioner James Moore and contacted traffic officers to try to make a stop on Appellant Moore's motor vehicle if they saw him. (R., Vol. 2, p. 7, 8) When the officers

saw Appellant Moore and his motor vehicle, they contacted the patrol unit to effect a traffic stop. (R., Vol. 2, p. 8-9) Officer Pittman testified that he observed the vehicle failure to signal a turn, and that the vehicle failed completely to stop at a stop sign at Lipscomb Street. (R., Vol. 2, p. 11-12) A marked patrol vehicle made a traffic stop on Appellant Moore's vehicle. (R., Vol. 2, p. 13) Officer Pittman did not recall if another person was around the vehicle. (R., Vol. 2, p. 14) All the time of the surveillance, the search, arrest, and detention of Petitioner Moore, the Informant was in Officer Pittman's motor vehicle at the scene. (R., Vol. 2, p. 15-16) As far as Officer Pittman knew the Informant saw everything. (R., Vol. 2, p. 16-17) Officer Pittman admitted that the patrol officer could not have seen the alleged traffic violations, making the Informant the only way of checking the Officer's testimony. (R., Vol. 2, p. 18-19) The reason for having the "traffic stop" made was to further the narcotics investigation. (R., Vol. 2, p. 19-20) Before the date of the surveillance, Officer Pittman had not dealt with the Informant. (R., Vol. 2,

p. 21) The State conceded that the "Source of Information" was a confidential informant and was relying on Rule 508 to not reveal who he/she was. (R., Vol. 2, p. 23) Even under Rule 508(c)(2) & (3) mandates disclosure consistent with the constitutional requirements. Officer Pittman admitted he did not know how much additional evidence the Informant had. (R., Vol. 2, p. 24-26) Officer Pittman had briefed Officer Gray, the patrol officer, as to what he was to search for once he stopped the car solely for traffic offenses. (R., Vol. 2, p. 28) Officer Gray was not stopping the vehicle solely for a traffic violation but rather to do a narcotics search. (R., Vol. 2, p. 29)

Officer Gray who made the traffic stop candidly admitted that the Officers were watching the house and the Ford Focus and when the Ford Focus left the area, he was going to stop the vehicle. (R., Vol. 2, p. 39-40) When the officer turned on his lights, the Ford Focus stopped. When Officer Gray asked for Petitioner Moore's license and insurance, Petitioner Moore produced his driver's license but could not locate his insurance card.

(R., Vol. 2, p. 41) As Petitioner Moore was looking for his insurance card, Officer Gray said Moore became more nervous and breathing heavier. (R., Vol. 2, p. 42) Officer Johnson, the back up officer was on the passenger side of the vehicle. Still, Officer Gray told Appellant Moore to step out of the car. (R., Vol 2, p. 42-43) Officer Gray said Petitioner Moore was trying to reach for something and so the Officer grabbed Appellant Moore and pushed him against the vehicle. (R., Vol. 2, p. 43) Officer Johnson claimed that Appellant Moore had thrown a green bag. (R., Vol. 2, p. 45) The Officers threw Petitioner Moore to the ground and handcuffed him. (R., Vol. 2, p. 45) Officer Gray refused to say that Officer Pittman had told him to find probable cause to search, contrary to the earlier, unequivocal testimony of Officer Pittman. (R., Vol. 2, p. 47) Officer Gray even denied that Officer Pittman had talked with him. (R., Vol. 2, p. 48) Officer Gray testified that, contrary to the Texas anti-profiling law, Fort Worth does not equip the patrol cars of officer's assigned to the zero tolerance squad

that has the assignment of stopping or harassing[1] persons previously convicted of felonies with video equipment so that the illegal activities of these officers cannot be recorded for the review of their actions by juries and judges. (R., Vol. 2, p. 51-53) Officer Gray testified that he files anti-profiling reports required by law as often as he remembers but he did not do one in this case. (R., Vol. 2, p. 53) The City of Fort Worth is not exempt from the provisions of Articles 2.131-2.138 of the Texas Code of Criminal Procedure. Officer Gray admitted that the insurance information on the vehicle comes up as soon as he attempts to stop the vehicle. (R., Vol. 2, p. 55) When Officer Gray was attempting to handcuff Appellant Moore, he had seen no weapon and the green bag was not a weapon. (R., Vol. 2, p. 60)

The trial court denied both the Motion to Suppress and the Motion to Reveal the Informant's Identity. (R., Vol. 2, p. 75 and 76)

---

[1] My characterization, not the officer's.

## STATEMENT OF JURISDICTION

Jurisdiction is vested in this Honorable Court by the Texas Constitution, Article 5, Section 5 which directs that the Court of Criminal Appeals shall have final jurisdiction coextensive with the limits of the state, in all criminal cases of whatsoever grade, except for juvenile cases. Discretionary Review by the Court of Criminal Appeals is not a matter of right, but of sound judicial discretion. This is a Petition for Discretionary Review from a final decision of the Second Court of Appeals.

## PROCEDURAL HISTORY

The Second Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion on November 20, 2014. The Defense timely filed a Motion for Rehearing which was denied on December 18, 2014. The Petition for Discretionary Review is, therefore, due to be filed on or before January 17, 2015, which is a Saturday, making the Petition due to be filed on or before Monday January 19, 2015.

# POINTS FOR REVIEW

**POINT OF ERROR NUMBER ONE. APPELLANT WAS DEPRIVED OF DUE PROCESS OF LAW RIGHTS TO NOTICE OF MATERIAL WITNESSES AGAINST HIM AND HIS RIGHT TO PRESENT EVIDENCE THAT MAY CONTRADICT THE STATE'S VERSION OF EVENTS WHEN THE TRIAL COURT REFUSED TO DISCLOSE THE CONFIDENTIAL INFORMANT WHO WAS A MATERIAL WITNESS TO THE OFFENSE AND WAS PRESENT AT THE OFFENSE ALLEGED.**

**POINT OF ERROR NUMBER THREE. THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE SEARCH UNDER ARTICLE 38.23 OF THE TEXAS CODE OF CRIMINAL PROCEDURE WHEN THE STATE OBTAINED THE EVIDENCE IN THIS CASE IN VIOLATION OF TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLE 2.132-138.**

**REASON FOR REVIEW NUMBER ONE. THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE LAW WHICH HAS NOT BEEN BUT WHICH SHOULD BE DECIDED BY THIS HONORABLE COURT REGARDING THE LEGALITY OF A CITY VIOLATING THE STATUTORY REQUIREMENT OF HAVING ALL POLICE CARS EQUIPPED WITH AUDIO-VIDEO CAMERAS TO RECORD ALL TRAFFIC STOPS UNDER THE ANTI-PROFILING STATUTE SET OUT IN TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLE 2.132-138.**

**THE OPINION**

The Court of Appeals held in effect that "zero tolerance" officers do not have to comply with the anti-profiling statute because that statute "does not possess the necessary causal relationship to discovery of the incriminating evidence" requiring preclusion of the evidence under Article 38.23 of the Texas Code of Criminal Procedure. (Opinion, p.11-12) This Honorable Court has not addressed whether a city can ignore the requirements of Article 2.132-138 when the very purpose of the statute, anti-profiling, is the purpose of the squad set up to find reasons to stop and search persons who are on parole or have criminal records.

## LAW AND ARGUMENTS

The Texas Code of Criminal Procedure, Article 2.132 requires each law enforcement agency in the State of Texas to (6) require collection of information relating to motor vehicle stops in which a citation is issued and to arrests made as a result of those stops, including information relating to: (A) the race or ethnicity of the individual detained; (B) whether a search was conducted and , if so, whether the individual detained consented to the search; and (C) whether the peace officer knew the race or ethnicity of the individual detained before detaining that individual.

The Texas Code of Criminal Procedure, Article 2.132(7) (d) provides that "On adoption of a policy under Subsection (b), a law enforcement agency shall examine the feasibility of installing video camera and transmitter-activated equipment in each agency law enforcement vehicle regularly used to make motor vehicle regularly used to make motor vehicle stops and in each agency motorcycle regularly used to make motor vehicle stops.  If a law enforcement agency installs video or audio equipment as provided by this subsection, the

policy adopted by the agency under Subsection (b) must include standards for reviewing video and audio documentation." The reasoning behind the statute is avoid police misconduct in stopping minorities or other citizens based upon race, national origin, or status. Petitioner Moore, as a convicted felon who is a member of the group whom the no tolerance force is designed to harass has standing to assert the anti-profiling violation. Counsel asserts that this Honorable Court should grant review and decide if the cities can avoid the anti-profiling law in order to hide their unconstitutional actions when they may be stopping individuals without probable cause. This is an issue of importance to all citizens, including those traditionally harassed by police.

## FACTS IN SUPPORT OF REVIEW

The State called Officer Gray who made the traffic stop. (R., Vol. 2, p. 38) Officer Gray works in the Zero Tolerance Unit stopping and checking on repeat offenders in high crime areas and help narcotics officers in their narcotics investigations. (R., Vol. 2, p. 39) Officer Gray was not stopping the vehicle solely for a traffic

violation but rather to do a narcotics search.  (R., Vol. 2, p. 29)  Officer Gray testified that, contrary to the Texas anti-profiling law, Fort Worth does not equip the patrol cars of officer's assigned to the zero tolerance squad that has the assignment of stopping or harassing[2] persons previously convicted of felonies with video equipment so that the illegal activities of these officers cannot be recorded for the review of their actions by juries and judges.  (R., Vol. 2, p. 51-53) Officer Gray testified that he files anti-profiling reports required by law as often as he remembers but he did not do one in this case.  (R., Vol. 2, p. 53)  The City of Fort Worth is not exempt (d) provides that "On adoption of a policy under Subsection (b), a law enforcement agency shall examine the feasibility of installing video camera and transmitter-activated equipment in each agency law enforcement vehicle regularly used to make motor vehicle regularly used to make motor vehicle stops and in each agency motorcycle regularly used to make motor vehicle stops.  If a law

---

[2] My characterization, not the officer's.

enforcement agency installs video or audio equipment as provided by this subsection, the policy adopted by the agency under Subsection (b) must include standards for reviewing video and audio documentation."

**REASON FOR REVIEW NUMBER TWO. THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE LAW WHICH IS IN CONFLICT WITH ESTABLISHED SUPREME COURT PRECEDENT INVOLVING THE RIGHT TO NOTICE OF BRADY MATERIAL AND MATERIAL WITNESSES.**

<u>**THE OPINION**</u>

The Second Court of Appeals held that the disclosure of a confidential informant who was present at the scene and was a witness to the actions and information relayed by the police need not be disclosed. (Opinion, p. 2-7) The Court of Appeals held that even though the confidential informant was present in the police car, watched from the back seat of the police car and was privy to all the police communications, that he was not a material witness. This holding is contrary to the Fifth Circuit Court of Appeals holdings in *United States*

*v. Melchor Moreno*, 536 F.2d 1042 (5th Cir., 1976); *United States v. Godkins*, 527 F.2d 1321 (5th Cir., 1976); and to the Supreme Court's holdings in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) and *Banks v. Dretke*, 540 U.S. 668, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004)

## LAW AND ARGUMENTS

The Petitioner Moore was denied due process of law when the trial court refused to reveal the identity of the confidential information, who was a material witness to the offense due to his activity in setting up the alleged offense and by his presence at the scene of the offense. The confidential informant was present at the scene of the arrest and was a material witness to the offense vital to the defense being able to show what really happened in this case. The informant arranged for the presence of the Petitioner Moore at the scene and was involved with the Petitioner Moore prior to the incident. The Informant was present with the officers when Petitioner Moore was allegedly identified by the officers. The Informant would have been able to say

whether or not Petitioner Moore was the person previously described by him and whether or not Petitioner Moore was present to engage in illegal activity or not. The fact that the Informant was present at the time of the arrest makes the Informant a material witness who must be disclosed to the defense under the Constitution of the State of Texas and of the United States, as well as the Code of Criminal Procedure. **TEXAS CONSTITUTION**, Articles I, Section 9, 10, 15, and 19; **UNITED STATES CONSTITUTION, FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS; TEXAS RULES OF EVIDENCE,** Rule 508(c)(2) & (3). The evidence is undisputed that the Informant was present at the time of the offense. The Informant should have been disclosed and produced for trial. The State has an affirmative duty to assist the defense in obtaining the presence of material witnesses. *United States v. Melchor Moreno*, 536 F.2d 1042 (5th Cir., 1976); *United States v. Godkins*, 527 F.2d 1321 (5th Cir., 1976). The refusal of the trial court to reveal the informant's identify deprived Petitioner of exculpatory evidence and the right to confront his accusers. Petitioner could not present

his defense that the controlled substance must have been placed in the vehicle by the informant who had a motive to work off a case or just revenge. Either way the testimony from the informant would have produced ample reasonable doubt before the jury. The fact that the right to this information is adequately demonstrated by the Supreme Court's opinion in *Banks v. Dretke,* 540 U.S. 668, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004) which found that the right to revelation of the identity of an information is of such established precedent that it supports relief under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). In an analogous situation, the Supreme Court ruled that the failure to reveal the identity of the Informant who was present at crime and who "might" be a material witness as to whether the accused knowingly transported the drugs was reversible error. SEE: *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) Petitioner Moore certainly met the might be a material witness standard required for disclosure under *Roviaro*. The Court of Appeals adding the additional requirement that the

Respondent must prove that the Informant **was** a material witness violates the federal constitution and produces an impossible required showing for the defense to ever obtain the material witness informant. Petitioner made more than an adequate showing and this Honorable Court should grant review in order to address this new requirement for the disclosure of a material witness at the scene of the crime.

WHEREFORE, PREMISES CONSIDERED, this Honorable Court should grant review in order to address these grave

constitutional issues and provide proper direction to the trial courts and attorneys of this Honorable State.

Respectfully submitted;

DANNY D. BURNS
Attorney for Petitioner James Moore
115 N. Henderson Street
Fort Worth, Texas 76102-1940
817-870-1544 Facsimile 817-870-1589
dburnslaw@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing petition for discretionary review was mailed, postage prepaid to the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711, the Tarrant County District Attorney's Office, 401 West Belknap Street, Fort Worth, Texas 76196 on this the January 17, 2015.

_/s/ Danny D. Burns
DANNY D. BURNS

## CERTIFICATE OF COMPLIANCE

I certify that the Petition for Discretionary Review submitted herein complies with 9.4(i) of the Texas Rules of Appellate Procedure and state that the Petition for Discretionary Review was typed with WordPerfect6 in Courier New, 14 point font. The Word Count, excluding the caption, identify of the parties, and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix consisting of the opinions from the Second Court of Appeals, contains 1,551 words, contained in 17 paragraphs, in sixty (60) sentences on ten (10) pages.

Respectfully submitted;

_/s/ Danny D. Burns_____
DANNY D. BURNS
115 North Henderson Street
Fort Worth, Texas 76102-1940
(817) 870-1544
(817) 870-1589 fax
dburnslaw@sbcglobal.net



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00192-CR

JAMES EDWARD MOORE                                                      APPELLANT

V.

THE STATE OF TEXAS                                                           STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1269903D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant James Edward Moore appeals his conviction for possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code Ann. § 481.112(d) (West 2010). A jury found Moore guilty, and the trial court assessed his punishment at 25

---

[1]*See* Tex. R. App. P. 47.4.

years' confinement. In three points, Moore argues that the trial court violated his rights to confrontation by allowing the State to withhold the name of its informant and erred by denying his motion to suppress.

## II. FACTUAL BACKGROUND

Fort Worth Police Officer Joe A. Pittman received a tip from a confidential informant that Moore was trafficking narcotics; the confidential informant gave Officer Pittman a description of Moore and of his vehicle and told him where Moore was staying. Officer Pittman set up surveillance in his unmarked car and coordinated with a marked patrol unit "to make a traffic stop" if the officers saw Moore leave. The confidential informant rode in the back of Officer Pittman's car. Officer Pittman saw a car parked in an alley matching the description given by the confidential informant, and two other undercover narcotics officers set up surveillance on the car. They ultimately saw a man matching the description of Moore get into the car. After the car drove off, Officer Pittman, who was one block away, observed the driver, Moore, fail to signal prior to making a turn and fail to stop at a stop sign. Officer Pittman radioed to the marked patrol car to initiate a traffic stop.

Officer Christopher Gray stopped Moore and approached the driver's side of Moore's car; Officer Michael Johnson approached the passenger side. Officer Gray asked Moore for his license and insurance information. Moore could not locate his insurance card and acted nervous. Officer Gray asked Moore to step out of the car. As Moore was exiting the vehicle, he reached down and grabbed

2

a green bag from under his leg. Moore got out and threw the green bag across the top of the car. Officer Gray then pinned Moore against the car and handcuffed him to ensure his and Officer Johnson's safety. The green bag contained four baggies filled with a white crystal substance. Testing later revealed that the baggies contained more than four ounces of methamphetamine.

During the stop and arrest, Officer Pittman was "making the block" with the informant lying down in the backseat of the unmarked patrol car.

### III. DENIAL OF MOTION TO REVEAL INFORMANT'S IDENTITY

In his first point, Moore argues that the trial court violated his confrontation rights by denying his motion to reveal the informant's identity. Moore asserts that the informant was a material witness that Moore had the right to cross-examine under the United States and Texas constitutions.

### A. Standard of Review and Law on Withholding Informant Identity

The State possesses a general privilege to withhold the identity of an individual who has provided information that assists in a criminal investigation. Tex. R. Evid. 508(a). However, a court must order disclosure of the individual's identity if the informant may reasonably be able to provide testimony necessary to a fair determination of guilt or innocence. Tex. R. Evid. 508(c)(2). If it appears from the evidence in the case, or from some other showing by a party, that an informant may be able to give testimony necessary to a fair determination of guilt or innocence, and the State invokes the privilege, the trial court must give the

3

State an opportunity to show in camera facts relevant to determining whether the informant can, in fact, supply that testimony. *Id.*

The defendant possesses the initial burden to prove that the informant's potential testimony will significantly aid in the determination of the defendant's guilt or innocence. *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991); *Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd), *cert. denied*, 549 U.S. 922 (2006). Evidence from any source, but not mere conjecture about possible relevance, must be presented. *Bodin*, 807 S.W.2d at 318; *Haggerty v. State*, 429 S.W.3d 1, 8 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). The mere filing of a motion to reveal an informant's identity is insufficient to obtain a hearing, much less compel disclosure. *Bodin*, 807 S.W.2d at 318. The defendant must make a plausible showing of how the informant's information may be important, and only after such a showing is the trial court required to hold an in camera hearing to determine whether disclosure is necessary. *See Haggerty*, 429 S.W.3d at 8.

Disclosure of an informant's identity may be required if the informant was an eyewitness to or participated in an alleged offense. *Ford*, 179 S.W.3d at 210 (citing *Anderson v. State*, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991)). Similarly, disclosure may be required if the informant was present at the time of the offense or arrest or was otherwise shown to be a material witness to the transaction. *See Anderson*, 817 S.W.2d at 72; *Washington v. State*, 902 S.W.2d 649, 656–57 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd).

4

We review a trial court's ruling on a motion to reveal an informant's identity for an abuse of discretion. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); *Thomas v. State*, 417 S.W.3d 89, 91–92 (Tex. App.— Amarillo 2013, no pet.). Under that standard, a trial court's decision is disturbed on appeal only when it falls outside the zone of reasonable disagreement. *Jones v. State*, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 832 (1997).

## B. The Informant Was Not a Material Witness

At a hearing on Moore's motion to disclose the confidential informant's identity, Officer Pittman testified that he told the informant to lie down in the backseat of the officer's vehicle during the investigation and arrest and that the informant complied. Officer Pittman agreed that the informant could have lifted his head and looked out although the officer never saw the informant do so. According to Officer Pittman, nobody in his car could have seen Moore get in his car because they were parked a block away at the time. Officer Pittman was not near Officer Johnson's vehicle when Officer Johnson stopped Moore and could not see the stop. Officer Pittman "saw the red lights" but drove past as Officer Johnson was making the stop; neither the officers making the stop nor Moore had exited their vehicles yet. Officer Pittman drove around the block and returned after hearing that Moore was resisting arrest. When they arrived, Moore was in handcuffs. Consequently, even assuming that the informant did not obey Officer Pittman's orders and sat up in the backseat at any point during the

5

surveillance and stop of Moore, he could not have seen the events leading up to the stop, the events of the stop, or Moore's ultimate arrest. Thus, contrary to Moore's assertion in his motion and on appeal, the confidential informant was not a material witness to the events leading to Moore's arrest.[2]

There is no evidence that the confidential informant participated in the offense or witnessed the offense, the stop, or the arrest of Moore. *See Ford*, 179 S.W.3d at 210; *Haggerty*, 429 S.W.3d at 8. We hold that the trial court did not abuse its discretion by determining that Moore failed to make a plausible showing that the informant's testimony was material to determining guilt or innocence. *See* Tex. R. Evid. 508(c)(2); *Bodin*, 807 S.W.2d at 318; *Ford*, 179 S.W.3d at 210; *see also Washington*, 902 S.W.2d at 656–57 (holding that confidential informant's identity was not necessary to a fair determination of guilt or innocence when informant did not witness the charged offense). We overrule Moore's first point.

---

[2]Moore also asserted in his motion that the informant was a material witness because Moore "was not aware of the presence of the controlled substance planted in his vehicle." And on appeal, Moore argues that the informant could have testified to material facts regarding whether Moore was "merely an innocent party set up by the informant." Although not entirely clear from his arguments, it appears that Moore is alleging that the confidential informant planted the methamphetamine in the car in order to set up Moore, but Moore did not provide anything other than his "mere conjecture" that the informant did so. *Bodin*, 807 S.W.2d at 318; *Haggerty*, 429 S.W.3d at 8. Thus, he did not satisfy his burden to make a plausible showing of how the informant's information may be important in this regard. *See Bodin*, 807 S.W.2d at 318; *Haggerty*, 429 S.W.3d at 8.

6

## IV. DENIAL OF MOTION TO SUPPRESS

In his second and third points, Moore argues that the trial court erred by denying his motion to suppress because the police obtained evidence as a result of an illegal search that exceeded the scope of the stop and because Officer Pittman violated the Texas anti-profiling law by using a vehicle not equipped with video equipment and by failing to file an anti-profiling report.

### A. Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

### B. Legality of Traffic Stop and Search of Bag

Moore argues in his second point that the methamphetamine found in the green bag should have been suppressed because he threw the bag as a direct result of the officers' unlawful conduct in stopping him for the sole purpose of finding a reason to conduct a search. Moore appears to be arguing that he

7

abandoned the green bag due to police misconduct in making an illegal pretexual stop.

The Fourth Amendment does not prevent the use of evidence obtained during a pretextual stop if an officer has probable cause to believe that the defendant committed a traffic violation. *Whren v. United States*, 517 U.S. 806, 813, 116 S. Ct. 1769, 1774 (1996) (citing *United States v. Robinson*, 414 U.S. 218, 221, 236, 94 S. Ct. 467, 470, 477 (1973) (holding that a traffic-violation arrest remains valid despite the fact that it was a mere pretext for a narcotics search and that a lawful post-arrest search of the person remains valid even if it was not motivated by the officer-safety concern that justifies such searches)). The "objective" test for pretextual searches and seizures—followed by Texas courts—deems the officer's subjective motivation irrelevant to the determination of whether the seizure was reasonable. *Crittenden v. State*, 899 S.W.2d 668, 671–73 (Tex. Crim. App. 1995).

Here, Moore does not challenge the officers' objective basis for the stop— failure to signal a turn and failure to stop at a stop sign. Officer Pittman testified that he observed Moore commit two traffic violations and directed Officer Gray to initiate the stop in his marked patrol car. The officers had an objective basis for the stop, and their subjective motivation was irrelevant to the reasonableness of the stop. *See Whren*, 517 U.S. at 813, 116 S. Ct. at 1774; *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1093 (2012); *Crittenden*, 899 S.W.2d at 671, 674.

8

After conducting a lawful traffic stop, Officer Gray asked Moore to step out of the vehicle. The officer did so lawfully and in accordance with the privilege afforded to police officers while engaged in a roadside stop. *See Pennsylvania v. Mimms*, 434 U.S. 106, 111, 98 S. Ct. 330, 333 (1977) (stating that a police officer who lawfully detains an individual may request that the individual exit his vehicle without violating the Fourth Amendment); *Hill v. State*, 303 S.W.3d 863, 871 (Tex. App.—Fort Worth 2009, pet. ref'd) (same). Officer Gray testified that Moore's behavior—shaking, breathing heavily, and making furtive movements with his hands—caused Officer Gray to fear for his and Officer Johnson's safety. As Moore exited the vehicle, he threw the green bag across the car.

When police take possession of property abandoned independent of police misconduct, there is no seizure under the Fourth Amendment. *McDuff v. State*, 939 S.W.2d 607, 616 (Tex. Crim. App.), *cert. denied*, 522 U.S. 844 (1997). There was no police misconduct here because police possessed an objective basis for the traffic stop and acted lawfully in requesting that Moore exit the vehicle.[3] *See id.*; *see also Comer v. State*, 754 S.W.2d 656, 659 (Tex. Crim. App. 1986) (op. on reh'g) (explaining that the decision to freely abandon property

---

[3]In support of his contention that the police engaged in misconduct, Moore relies exclusively on *Arizona v. Gant*, 556 U.S. 332, 332, 129 S. Ct. 1710, 1712–13 (2009). *Gant* holds that police may perform a search of a vehicle's passenger compartment during a search incident to arrest only if it is reasonable to believe that the arrestee might access the vehicle during the time of the search or that the vehicle contains evidence of the arrest. 556 U.S. at 332, 129 S. Ct. at 1712–13. *Gant* does not apply here because the evidence at issue was not found as a result of a search incident to arrest.

9

must not be the product of police misconduct); *Cooper v. State*, 889 S.W.2d 8, 10 (Tex. App.—Eastland 1994, no pet.) ("Because appellant's detention was a justifiable, legal investigatory stop, the recovery of the baggie of cocaine [dropped by appellant during the detention] was not tainted by police misconduct."). We hold that the trial court did not err by denying Moore's motion to suppress based on an illegal search, and we overrule Moore's second point.

## C. Violation of the Anti-Profiling Statute

Moore argues in his third point that the trial court should have suppressed the evidence because the Fort Worth Police Department does not equip its zero tolerance squad's[4] patrol cars with video equipment in violation of Texas Code of Criminal Procedure article 2.132 and because Officer Gray alternatively failed to file an anti-profiling report after the stop in violation of article 2.132. *See* Tex. Code Crim. Proc. Ann. art. 2.132 (West Supp. 2014). Moore argues, therefore, that the evidence of his stop should have been suppressed under article 38.23. *See id.* art. 38.23 (West 2005).

Article 2.132, entitled "Law Enforcement Policy on Racial Profiling," requires Texas law enforcement agencies to adopt a detailed written policy on racial profiling. *Id.* art. 2.132(b). The policy must "require collection of information relating to motor vehicle stops in which a citation is issued and to arrests made as a result of those stops." *Id.* art. 2.132(b)(6). Law enforcement

---

[4]The Fort Worth Police Department's zero tolerance squad is a police unit that focuses on repeat drug offenders in high crime areas.

agencies shall also "examine the feasibility of installing video camera and transmitter-activated equipment in each agency law enforcement motor vehicle regularly used to make motor vehicle stops and transmitter-activated equipment in each agency law enforcement motorcycle regularly used to make motor vehicle stops." *Id.* art. 2.132(d).

Article 38.23 prohibits the use of evidence that an officer obtained in violation of the United States Constitution, the Texas constitution, or Texas law. *Id.* art. 38.23. The primary purpose of the exclusionary rule is to deter police activity that could not have been reasonably believed to be lawful by the officers committing the conduct. *See Drago v. State*, 553 S.W.2d 375, 378 (Tex. Crim. App. 1977); *Bachick v. State*, 30 S.W.3d 549, 553 (Tex. App.—Fort Worth 2000, pet. ref'd). For evidence to be inadmissible under article 38.23, the defendant must produce evidence demonstrating a causal connection between the violation of the law and the evidence obtained. *Pham v. State*, 175 S.W.3d 767, 772 (Tex. Crim. App.), *cert. denied*, 546 U.S. 961 (2005).

Here, Officer Gray testified that the zero tolerance squad patrol cars are not equipped with video equipment. He also testified that although he files anti-profiling reports when he remembers, he did not recall filing one in this case. But the failure to comply with article 2.132's anti-profiling reporting requirements does not possess the necessary causal relationship to discovery of the incriminating evidence. *See* Tex. Code Crim. Proc. Ann. art. 2.132(b)(6); *State v. Purdy*, 244 S.W.3d 591, 595 (Tex. App.—Dallas 2008, pet. struck) (holding that violation of a

11

statute that is administrative in nature and unrelated to the purpose of the exclusionary rule does not warrant excluding evidence under article 38.23); *Bachick*, 30 S.W.3d at 553 (noting that when nothing in the record indicates that the objectionable evidence was obtained as a result of the alleged statutory violation, exclusion is not required). A failure to properly file post-detainment paperwork has no effect on the circumstances surrounding the stop itself and is unconnected to the exclusionary rule's purpose. *Fredrick v. State*, No. 09-08-00353-CR, 2010 WL 723758, at *3 (Tex. App.—Beaumont Mar. 3, 2010, no pet.) (mem. op., not designated for publication) (holding that failure to file report required by anti-profiling statute was not violation of law that would prevent admission of evidence obtained at traffic stop); *see Purdy*, 244 S.W.3d at 595; *Bell v. State*, 169 S.W.3d 384, 390–91 (Tex. App.—Fort Worth 2005, pet. ref'd). Further, the code of criminal procedure does not require video equipment in squad cars but only that each department examine the feasibility of installing such equipment. *See* Tex. Code Crim. Proc. Ann. art. 2.132(d).

Thus, the trial court did not err by denying Moore's motion to suppress due to an unconnected violation of the anti-profiling statute. For the same reasons, we also deny Moore's alternative suggestion that we "notify cities that this conduct will not further be tolerated." We overrule Moore's third point.

## V. CONCLUSION

Having overruled Moore's three points, we affirm the trial court's judgment.

                                        /s/ Sue Walker
                                        SUE WALKER
                                        JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 20, 2014



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00192-CR

JAMES EDWARD MOORE                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1269903D

------------

## ORDER

------------

We have considered appellant's "Motion For Rehearing."

It is the opinion of the court that the motion for rehearing should be and is hereby denied and that the opinion and judgment of November 20, 2014 stand unchanged.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record.

SIGNED December 18, 2014.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.